IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARISSA HAYNES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:26-CV-00091-O |
| | § | |
| EVERETT FINANCIAL INC | § | |
| | § | |
| Defendant. | § | |

## OPINION & ORDER

Before the Court is Defendant Everett Financial Inc. d/b/a Supreme Lending's Motion to Dismiss and Brief in Support (ECF No. 5). Plaintiff did not file a response. After considering the briefing and applicable caselaw, the Court **GRANTS** Defendant's Motion.

## I. BACKGROUND[1]

This case involves a foreclosure dispute. In October 2021, Plaintiff Marissa Haynes purchased a home located at 7139 Playa Norte Dr., Grand Prairie, Tx 75054 (the "Property"). In connection with the purchase, Plaintiff executed a Note and Deed of Trust in which Defendant is identified as the original lender ("Note and Deed of Trust"). Plaintiff was laid off in September 2024 due to significant downsizing at her employer, resulting in a temporary loss of income. In September 2024, Plaintiff notified Defendant of her layoff and attempted to seek relief from Defendant, including payment plans, forbearance, and a loan modification, but was ultimately unable to do so. By February 2025 Plaintiff had a steady stream of income and applied for another loan modification from Defendant. According to Plaintiff, Defendant never responded to this

---

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiff's Original Petition. *See* Def's App. Supp. Not. of Removal, Ex. B-1 (Original Petition), ECF No. 1-1. At the 12(b)(6) stage, these facts are taken as true and viewed in the light most favorable to Plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

1

request. Sometime before January 2026 Defendant initiated foreclosure proceedings against the Property. In January 2026, Plaintiff received citation for a forcible detainer action against her filed by Defendant based on a foreclosure sale Defendant previously conducted. In response, Plaintiff filed suit on January 14, 2026, in the 236th District Court of Tarrant County, Texas. Defendant then removed the action to this Court on January 28, 2026. Subsequently, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on February 4, 2026. The deadline for Plaintiff to respond to Defendant's Motion has passed, and Plaintiff has not filed a response or sought an extension to her response deadline. Defendant's Motion to Dismiss is now ripe for the Court's review

## II.   LEGAL STANDARDS

### A. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(a) does not require "detailed factual allegations," but demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard, the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead enough facts to state a claim to relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Unlike a "probability requirement," the plausibility standard demands "more than a sheer possibility that a

2

defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 570). Where a complaint contains facts that are "merely consistent with" the defendant's liability, it "stops short of the line between possibility and plausibility" beyond which relief would be entitled. *Id.* (quoting *Twombly*, 550 U.S. at 557) (citation modified).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). But the court may not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79. The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id*.

### III. ANALYSIS

Plaintiff asserts causes of action for (1) breach of contract; (2) violation of § 5.065 of the Texas Property Code; (3) suit to set aside the foreclosure sale and cancel trustee's deed; (4) suit to remove cloud and quiet title; (5) violations of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq*, and Regulation X, 12 C.F.R. § 1024; and (6) accounting. Defendant moves to dismiss all six causes of action for failure to state a claim under Rule 12(b)(6). The Court addresses each claim in turn.

#### A. Breach of Contract

Plaintiff alleges that Defendant breached the contract by (1) failing to provide proper notice prior to foreclosure; (2) failing to properly apply payments/credits and provide accounting of the loan; and (3) initiating foreclosure without authority.[2] Defendant argues that "Plaintiff does not

---

[2] Def's App. Supp. Not. of Removal, Ex. B-1 (Original Petition) 10, ECF No. 1-1.

adequately plead a breach of contract by Defendant" and that "Plaintiff's conclusory allegations fail to give rise to a plausible claim that Defendant breached the contract."[3] The Court agrees with Defendant.

"Under Texas law, a plaintiff alleging a breach of contract must show '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach.'" *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (quoting *Wright v. Christian & Smith,* 950 S.W.2d 411, 412 (Tex. App. — Houston [1st Dist.] 1997, no writ)).

To survive a motion to dismiss, Plaintiff must sufficiently allege specific contract provisions that were breached. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) ("It has been held that a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached."); *see also Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015) (affirming dismissal of breach of contract claim where plaintiff did not specify which provision in the deed of trust was breached). Here, Plaintiff fails to identify any specific contractual provisions that Defendant breached, providing only conclusory assertions that Defendant breached the contract. Thus, Plaintiff has failed to adequately allege a breach of contract. Plaintiff's breach of contract claim is **DISMISSED with prejudice**.

    **B. Section 5.065 of the Texas Property Code**

Plaintiff alleges Defendant violated §5.065 of the Texas Property Code for failing to send proper notices prior to foreclosure.[4] Defendant argues that § 5.065 of the Texas Property Code is

---

[3] Mot. Dismiss, 3, ECF No. 5.
[4] Def's App. Supp. Not. of Removal, Ex. B-1 (Original Petition) 10–11, ECF No. 1-1.

inapplicable because it only applies to executory contracts, which Plaintiff has not alleged is at issue here.[5] The Court agrees with Defendant.

Section 5.065 of the Texas Property Code provides that "[n]otwithstanding an agreement to the contrary, a purchaser in default under an executory contract for the conveyance of real property may avoid the enforcement of a remedy described by Section 5.064 by complying with the terms of the contract on or before the 30th day after the date notice is given under that section." TEX. PROP. CODE ANN. § 5.065. Here, Plaintiff has not alleged that she executed an executory contract for the conveyance of the property or any other real property. As such, § 5.065 of the Texas Property Code does not apply. *See Preston v. PHH Mortgage Corp.*, No. 4:23-CV-03857, 2024 WL 4008196, at *4 (S.D. Tex. Aug. 29, 2024) (dismissing claim for the same reason); *see also Kemari v. Rocket Mortgage LLC*, No. 1:24-CV-778-DAE, 2025 WL 3771339, at *3 (W.D. Tex. Sept. 17, 2025) (section 5.065 claim fails because the statute applies only to contracts for deed, not loan agreements.). Accordingly, Plaintiff's claim is **DISMISSED with prejudice**.

### C. Set Aside Foreclosure Sale and Cancel Trustee's Deed

Plaintiff alleges that Defendant failed to comply with the Texas Property Code and therefore did not have standing to pursue a foreclosure sale due to the wrongful transfer of the Note and Deed of Trust.[6] Defendant argues that Plaintiff's claim fails because "Plaintiff does not allege that she tendered the amount due under the mortgage loan."[7] The Court agrees with Defendant.

For a foreclosure sale to be set aside or cancelled, "the mortgagor must tender the amounts due and owing under the note and deed of trust." *Falk v. Wells Fargo Bank*, No. 3:09-CV-678-B,

---

[5] Def.'s Mot. Dismiss 4, ECF No. 5.
[6] Def's App. Supp. Not. of Removal, Ex. B-1 (Original Petition) 11–13, ECF No. 1-1.
[7] Def.'s Mot. Dismiss 5, ECF No. 5.

5

2011 WL 3702666, at *7 (N.D. Tex. Aug. 19, 2011), aff'd sub nom. *Estate of Falk v. Wells Fargo Bank, N.A.*, 541 Fed. App'x. 481 (5th Cir. 2013). "Texas courts have made clear that 'a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note.'" *White v. BAC Home Loans Servicing, LP*, No. 3:09-CV-2484-G, 2010 WL 4352711, at *5 (N.D. Tex. Nov. 2, 2010) (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App. — Houston [14th Dist.] 1986, writ ref'd n.r.e.).

Plaintiff admits that she defaulted on the Note and has not alleged that she has tendered the amounts due under the Note and Deed of Trust. Thus, Plaintiff has not sufficiently alleged a claim to set aside the foreclosure sale. Accordingly, Plaintiff's claim is **DISMISSED with prejudice**.

### D. Remove Cloud and Quiet Title

Plaintiff contends that Defendant's foreclosure was invalid and asserts that Defendant's claim "to any estate, right title, or lien or interest in or to the Property is adverse to Plaintiff's legal title."[8] Defendant argues that Plaintiff's claim fails as a matter of law because Plaintiff has failed to sufficiently allege any of the elements for a quiet title claim.[9] The Court agrees with Defendant.

A suit to quiet title is an equitable action which removes the cloud from the movants title caused by an invalid claim if the movant establishes that an adverse party's claim to property is invalid. *Wagner v. CitiMortgage, Inc.*, 995 F. Supp. 2d 621, 626 (N.D. Tex. 2014) (Kinkeade, J.). "The elements of a suit to quiet title are 1) plaintiff has an interest in a specific property; 2) title to the property is affected by a claim by the defendant; and 3) the defendant's claim, though facially valid, is invalid or unenforceable." *Id.* The burden rests with Plaintiff to establish her superior equity and right to relief. *Cook-Bell v. Mortgage Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (Fish, J.).

---

[8] Def's App. Supp. Not. of Removal, Ex. B-1 (Original Petition) 13, ECF No. 1-1.
[9] Def.'s Mot. Dismiss 5–6, ECF No. 5.

Here, besides merely reciting her belief that she has superior title because Defendant wrongfully foreclosed on the Property, Plaintiff fails to sufficiently allege any of the elements required to bring a quiet title claim. Thus, Plaintiff's claim fails as a matter of law and is **DISMISSED with prejudice**.

### E. Real Estate Settlement Procedures Act and Regulation X

Plaintiff asserts that Defendant violated RESPA and Regulation X by making several material misrepresentations of fact to Plaintiff and by engaging in dual tracking.[10] Defendant argues that Plaintiff's conclusory allegations fail to state a claim under RESPA or Regulation X.[11] The Court agrees with Defendant.

Regulation X was issued by the Bureau of Consumer Financial Protection to implement the Real Estate Settlement Procedures Act of 1974 ("RESPA"), which is codified at 12 U.S.C. 2601 *et. seq*. *See* 12 C.F.R. § 1024.1. Congress enacted RESPA to "protect consumers from abusive mortgage practices." *Young v. Select Portfolio Servicing, Inc.*, No. 20-11236, 2021 WL 5968662, at *2 (5th Cir. Dec. 15, 2021) (citation modified). "Dual tracking occurs when 'the lender actively pursues foreclosure while simultaneously considering the borrower for loss mitigation options.'" *Id.* (quoting *Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 359 (5th Cir. 2016)). 12 C.F.R. 1024.41(g) prohibits dual tracking, and § 1024.41(a) expressly provides for a private right of action in the event the lender violates the provision. However, the cause of action only applies "to a borrower's first loss mitigation application." *Wentzell v. JPMorgan Chase Bank, Nat. Ass'n*, 627 F. App'x. 314, 319 n.4 (5th Cir. 2015). "To recover, a claimant must show that actual damages resulted from a RESPA violation." *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x. 833, 836 (5th Cir. 2014).

---

[10] Def's App. Supp. Not. of Removal, Ex. B-1 (Original Petition) 14, ECF No. 1-1.
[11] Def.'s Mot. Dismiss 6–7, ECF No. 5.

From Plaintiff's Original Petition it is not clear to the Court if Plaintiff's allegations stem from her first loan modification, which according to Plaintiff's Original Petition seemingly occurred in September 2024, or if her allegations arise from her February 2025 loan modification.[12] And nothing in Plaintiff's Original Petition allows the Court to infer that Plaintiff's RESPA claim arises from her first loan modification request. Thus, the Court cannot determine whether Plaintiff has stated a plausible dual tracking claim. *Iqbal*, 556 U.S. at 678–79.

Likewise, Plaintiff alleges that Defendant violated Regulation X by making "several material misrepresentations of fact to Plaintiff, who relied upon those misrepresentations to their detriment, and which are a producing cause of the actual damages sustained and incurred by Plaintiff."[13] But beyond these general allegations Plaintiff fails to identify Defendant's misrepresentations or which provisions of Regulation X Defendant violated.[14] "This failure alone warrants dismissal of any misrepresentation claims under Regulation X." *Futrell v. JPMorgan Chase Bank, NA*, No. 3:19-CV-054-S-BH, 2019 WL 3948222, at *7 (N.D. Tex. July 29, 2019) (citing *Iqbal*, 556 U.S. at 678), report and recommendation adopted, No. 3:19-CV-0054-S-BH, 2019 WL 3947713 (N.D. Tex. Aug. 21, 2019); *see also Motten v. Chase Home Finance*, 831 F. Supp. 2d 988, 995 (S.D. Tex. 2011) (Harmon, J.). Moreover, Plaintiff fails to sufficiently allege any actual damages resulting from Defendant's alleged RESPA violations. Accordingly, because Plaintiff fails to plausibly allege violations, Plaintiff's RESPA or Regulation X claims are **DISMISSED with prejudice**.

---

[12] *See* Def's App. Supp. Not. of Removal, Ex. B-1 (Original Petition) 7–8, ECF No. 1-1.
[13] *Id.* at 14.
[14] *Id.*.

### F. Accounting

Plaintiff requests that the Court order Defendant account "for all transactions on Plaintiff's Loan" due to discrepancies "in what Defendant states that Plaintiffs owes, and the refusal to provide Plaintiffs with an accounting of the loan."[15] "However, an accounting is an equitable remedy, not an independent cause of action." *Gibson v. Wells Fargo Bank, N.A.*, No. 4:16-CV-98-O, 2016 WL 11755377, at *4 (N.D. Tex. June 9, 2016) (O'Connor, J.); *see also Riley v. Bank of Am., N.A.*, No. 4:12-CV-603-Y, 2012 WL 12893105, at *4 (N.D. Tex. Nov. 8, 2012) (Means, J.) ("An accounting is an equitable remedy that is not an independent cause of action."). "The Court may order an accounting when 'the facts and accounts in issue are so complex that adequate relief cannot be obtained at law.'" *Gibson*, 2016 WL 11755377, at *4 (quoting *Wigginton v. Bank of N.Y. Mellon*, 3:10-cv-2128, 2011 WL 2669071 (N.D. Tex. July 7, 2011)). Because the Court has dismissed all of Plaintiff's substantive claims and the facts and accounts potentially at issue here are not sufficiently complex, Plaintiff's accounts request is **DISMISSED with prejudice**.

### G. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) permits a court to grant leave to amend pleadings and even "evinces a bias in favor of granting leave to amend." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002). But "leave to amend under Rule 15 is by no means automatic." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). "Nevertheless, a party must 'expressly request' leave to amend." *Estes v. JP Morgan Chase Bank, Nat. Ass'n*, 613 F. App'x. 277, 280 (5th Cir. 2015) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)). Although "[a] formal motion is not always required," the requesting party must still "set forth with particularity the grounds for the amendment and the

---

[15] *Id.* at 15.

relief sought." *Willard*, 336 F.3d at 387. When a plaintiff fails to request leave to amend or indicate what might be added to the complaint if allowed to amend, a district court may dismiss the cause of action with prejudice. *See Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 (5th Cir. 2012). Because Plaintiff, although represented by counsel, has failed to respond to Defendant's Motion to Dismiss, the Court infers from her silence that she has no basis on which to oppose Defendant's arguments for dismissal or grounds to seek leave to amend, and thus, leave to amend is **DENIED**. *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. CIV.A. H-12-2466, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013).

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Everett Financial Inc. d/b/a Supreme Lending's Motion to Dismiss (ECF No. 5). Plaintiff's claims are **DISMISSED with prejudice**.

**SO ORDERED** this **6th day** of **March, 2026**.

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**